In The Matter Of The Application Of TED R. LOPEZ, For Service-Connected Disability Retirement, Appellant, *v.* BOARD OF TRUSTEES, EMPLOYEES' RETIREMENT SYSTEM, State Of Hawaii, Appellee

NO. 6995

CIVIL NO. 47898

FEBRUARY 1, 1983

LUM, ACTING C.J., CIRCUIT JUDGE CHANG IN PLACE OF NAKAMURA, J., RECUSED, RETIRED JUSTICES OGATA AND MENOR, ASSIGNED TEMPORARILY*

---

\* Chief Justice Richardson, who heard oral argument in this case, retired from the court on December 30, 1982. HRS § 602-10 (1982 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

*Per Curiam.* This is an appeal by Ted R. Lopez from the judgment of the circuit court affirming the denial by the Board of Trustees of the State Employees' Retirement System of his claim for service-connected total disability retirement benefits.

The appellant was a member of the retirement system. He was born on September 2, 1922, and was employed as an industrial safety engineer with the State Department of Labor at the time of his application for service-connected total disability retirement. Several doctors who examined the appellant had generally agreed that the stress and job pressures he experienced in his employment over a period of years had contributed to his disability. The retirement board, however, ruled that disability caused by work pressures and frustrations did not constitute an accident or an occupational hazard within the meaning of HRS § 88-77. The circuit court agreed. In its findings of fact and conclusions of law, the court found:

### FINDINGS OF FACT

1. Appellant is a member of the Employees' Retirement System who is suffering from a mental condition diagnosed as "manic-depressive psychosis," and is mentally incapacitated from the further performance of his work as an industrial safety engineer.

2. While Appellant's condition may have resulted from work pressures and frustrations, it is not the natural and proximate result of any accident occurring while he was in the actual performance of duty within the meaning of Chapter 88, HRS.

3. Nor is his condition the cumulative result of some occupational hazard within the meaning of Chapter 88, HRS.

### CONCLUSIONS OF LAW

1. To qualify for service-connected disability retirement under the provisions of Chapter 88, HRS, a member of the Employees' Retirement System must be permanently incapacitated from gainful employment or from the further performance of duty as the natural and proximate result of

an accident occurring in the actual performance of duty or as the cumulative result of some occupational hazard.

HRS § 88-77(a), which is the applicable statute, provides in pertinent part as follows:

[A]ny member who has been permanently incapacitated *as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, or as the cumulative result of some occupational hazard,* through no wilful negligence on his part, may be retired by the board of trustees for service-connected total disability. [Emphasis added]

I.

The appellant contends, in effect, that any job-related condition which results in incapacitation for gainful employment or further performance of duty is an occupational hazard. We disagree. Such an interpretation would render the term "occupational hazard" in the statute meaningless and without operative effect. And "[i]t is a cardinal rule of statutory construction that a statute ought upon the whole be so constructed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant." *In re City & County of Honolulu Corp. Counsel,* 54 Haw. 356, 373, 507 P.2d 169, 178 (1973) (quoting *Application of Island Airlines, Inc.,* 47 Haw. 87, 112, 384 P.2d 536, 565 (1963); *State v. Taylor,* 49 Haw. 624, 425 P.2d 1014 (1967).

Thus, we agree with the retirement board and with the trial court that work pressures and frustrations, in and of themselves, do not constitute an occupational hazard within the meaning of the statute. An occupational hazard is a danger or risk which is inherent in, and concomitant to a particular occupation. *Cf. Detenbeck v. General Motors Corporation,* 309 N.Y. 588, 132 N.E.2d 840 (1956). To be considered an occupational hazard, the causative factors must be those which are not ordinarily incident to employment in general and must be different in character from those found in the general run of occupations. *Fruehauf Corp., Etc. v. Workmen's Compensation,* 31 Pa. Commw. Ct. 341, 376 A.2d 277 (1977). In this

connection, the legislature, for example, has determined that:

In the case of firemen, policemen, and sewer workers, the effect of the inhalation of smoke, toxic gases, chemical fumes, and other toxic vapors on the heart, lungs, and respiratory system shall be construed as an injury received or disease contracted . . . as the result of some occupational hazard for the purpose of determining total disability retirement under this section. HRS § 88-77(b).

In the present case, we do not find the work demands made upon the appellant by his employment as an industrial safety engineer to have been an occupational hazard within the meaning of the statute. The work pressures and frustrations which the appellant experienced were not exceptionally different from those experienced by other employees in other occupations. These particular incidents of his employment could not readily be said to have been uncommon to the general run of occupations.[1]

## II.

The appellant further argues, however, that job pressures and stresses which precipitate or aggravate an employee's mental illness may constitute an "accident" within the meaning of the statute. HRS § 88-77(a). Again we disagree.

An accident is an unlooked for mishap or untoward event which is not expected or designed. *Chun Wong Chu v. Yee Wo Chan,* 26 Haw. 785 (1923). Further, the retirement statute makes it clear that the member must have been permanently incapacitated "as the natural and proximate result of an accident occurring while in the actual performance of duty *at some*

---

[1] In the workers' compensation context, however, the appellant's mental infirmity would probably have been compensable. Royal State Nat'l Ins. v. Labor Bd., 53 Haw. 32, 487 P.2d 278 (1971); Chung v. Animal Clinic, Inc., 63 Haw. 642, 636 P.2d 721 (1981). "If an employee suffers personal injury either by accident arising out of and in the course of the employment *or by disease proximately caused or resulting from the nature of the employment,*" he will be entitled to workmen's compensation benefits. HRS § 386-3. (Emphasis added) Moreover, in the absence of substantial evidence to the contrary, it will be presumed that "the claim is for a covered work injury." HRS § 386-85.

*definite time and place.*" HRS § 88-77(a); *see also* HRS § 88-79(a). (Emphasis added) In the present case, there was no unexpected event or unforeseen occurrence which resulted in the appellant's present incapacity. It is not enough, under the retirement law, that work pressures and stresses over a period of time were contributory causes of his mental infirmity.

In an analogous situation, the supreme judicial court of Massachusetts has similarly held. *Hough v. Contributory Retirement Appeal Board,* 309 Mass. 534, 36 N.E.2d 415 (1941).[2] In that case, the claimant was the town clerk who, after attending a long meeting of the town's selectmen, had collapsed after he reached home. His left arm and hand were paralyzed. He was suffering from hemiplegy or vascular spasms of the arteries of the brain. He had for years experienced a protracted mental and nervous strain on account of the nature of the work which he had performed for the town, including long hours of work, and the immediate cause of his condition was found by the retirement appeal board to have been the overwork and strain caused by the annual town meeting and the meeting of the selectmen. On these facts, the board denied his application for permanent disability retirement resulting from an accident or from undergoing a "hazard peculiar to his employment." Applying a statute substantially similar to Hawaii's,[3] the Massachusetts court affirmed, pointing out:

---

[2] Compare, Baruffaldi v. Contributory Retirement Appeal Bd., 337 Mass. 495, 150 N.E.2d 269 (1958).

[3] The Massachusetts statute provided:
Upon application . . . [of] any member who is totally and permanently incapacitated for duty as the natural and proximate result of and accident or of undergoing a hazard peculiar to his employment, in the performance and within the scope of his duty at some definite time and place . . . shall be retired . . . provided, that one or more registered physicians selected by the board, after an examination of such member, shall certify (1) that such member is mentally or physically incapacitated for further performance of duty and (2) that such incapacity is likely to be permanent; and provided, further, that the board shall concur in such certification and find that the mental or physical incapacity is the natural and proximate result of such accident or hazard, that such disability is not the result of wilful negligence on the part of such member, and that such member should be retired.

There is no event described in the record that could properly be regarded as an accident or hazard peculiar to the employment of the petitioner. His present condition is apparently due to the fatigue and strain resulting from long hours of effort over a long period of years which has gradually undermined his strength and rendered him unfit for the further performance of his duties. The effect of his work upon his health was progressive and cumulative. His work, especially since January, 1936, consisted in the performance of the clerical duties usually required by the offices which he held, to the performance of which the petitioner seems to have applied himself assiduously. . . . Whether his strength and energy would have been conserved if the petitioner had adopted another course does not aid us in determining whether the record shows that his present disability was due to an accident or to undergoing a hazard peculiar to his employment, which, as required by said § 31, occurred *"at some definite time and place."* We hold that no such accident or hazard has been shown. [309 Mass. at 537, 36 N.E.2d at 418.]

*See also Russo v. Teacher's Pension and Annuity Fund,* 62 N.J. 142, 299 A.2d 697 (1973).

Affirmed.

*Alvin T. Shim (Shim, Sigal, Tam & Naito,* of counsel) for appellant.

*Aurelio T. Arnobit, Jr.,* Deputy Attorney General for appellee.