HARRY C. MYERS, Appellant-Appellee, *v.* THE BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAII, Appellee-Appellant

NO. 10033

(CIVIL NO. 79302)

AUGUST 12, 1985

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF NAKAMURA, J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by the Board of Trustees of the Employees' Retirement System of the State of Hawaii from a circuit court order reversing a Board decision and ruling which had denied Appellee's application for service-connected disability retirement. We affirm.

The essential facts are undisputed. On July 25, 1977 Appellee, a state employee, was preparing to conduct a training class. He lifted a half-full one hundred cup coffeemaker weighing approximately thirty-five pounds, and after carrying it a distance, turned and attempted to set it on a table. At that point, he heard a snap in his back. He experienced sharp pains across his left lower back into the hollow of his buttocks, and shortly began experiencing a pulsating pain radiating down his right leg. Lifting the coffeepot was part of his normal and routine preparation for conducting the management class.

The Appellee was treated by Dr. Nemechek who found that he had a pre-existing spondylolisthesis at the L5-S1 level with degenerative disks at L3-4, L5-S1, and probably L4-5. After treatment, Appellee improved and returned to work, but his back pains later returned, and eventually he became disabled.

HRS § 88-77(a) provides in part:

Upon application of a member, or of the head of his department, any member who has been permanently incapacitated as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, . . . through no willful negligence on his part, may be retired by the board of trustees for service-connected total disability . . . .

Appellee received workers' compensation benefits. Subsequently, he made a timely application for service-connected total disability retirement. The medical board, constituted pursuant to HRS § 88-31, rejected Appellee's application. He appealed to the Board of Trustees of the Retirement System, which referred the matter for hearing to a referee.

After the hearings, the referee rendered a decision recommending rejection of the application, and that decision was adopted by the Board of Trustees. Appellee then appealed to the circuit court, which reversed the Board's decision and order denying benefits.

The Appellant Board contends that the incident involving the coffeepot and the snapping of Appellee's back was not an "accident" within the meaning of HRS § 88-77. It further contends that the referee, and the

Board, by adoption, were not clearly erroneous in deciding that Appellee's incapacitation was not the natural and proximate result of the coffeepot incident, and that therefore, the court below was in error in reversing its decision and order.

HRS § 91-14(g) provides:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The referee, and the Board by adoption, both decided that the incident of July 25, 1977 was not an "accident" within the meaning of HRS § 88-77. Since the facts as to what happened on July 25, 1977 are not in dispute, the question of whether or not that incident constituted an "accident" is one of law, and the court below was obliged to review it based upon HRS § 91-14(g). See *Camara v. Agsalud,* 67 Haw. 212, 685 P.2d 794 (1984).

We have earlier decided that for purposes of HRS § 88-77 "[a]n accident is an unlooked for mishap or untoward event which is not expected or designed." *Lopez v Board of Trustees of ERS,* 66 Haw. 127, 130, 657 P.2d 1040, 1043 (1983), and *Kikuta v. Board of Trustees of ERS,* 66 Haw. 111, 114, 657 P.2d, 1030, 1033 (1983).

Since the July 25, 1977 incident was, beyond question, an unlooked for mishap which was not expected or designed, it was an "accident". On this issue, therefore, the circuit court was correct, and the Board and the referee were wrong.[1]

---

[1] *Lopez* and *Kikuta, supra,* were both decided February 1, 1983. The referee rendered his decision on February 23, 1983, and cited *Kikuta* in the course of his decision. Given the

The second issue, i.e., whether the accident of July 25, 1977 was the proximate cause of Appellee's incapacitation, involves a factual determination. The parties here, and in the court below, treated the matter as if a finding of fact of "no proximate cause" had been made by the referee and the Board, and the court below apparently accepted that treatment. However, a review of the Board's decision (which adopted the referee's decision) and of the referee's decision, fails to demonstrate a clear finding on that issue, untainted by the error of law with respect to whether the incident of July 25, 1977 was an accident. Certainly, there is no such finding in that part of the referee's decision denominated "findings of fact". There is language in the long discussion of the case preceding the "findings of fact" which could be construed as such a finding, but that language is so coupled with references to the erroneous construction of the word "accident", that we are left in considerable doubt as to whether any such finding was ever made.

If such a finding was made, then under HRS § 91-14(g) the court below would have had to make a legal conclusion that that finding was clearly erroneous in order to overturn it. Such a legal conclusion appears in the decision of the court below.

Normally, in reviewing a decision of an administrative agency, a court should remand the matter to the agency if it finds that, as a result of an error of law, the agency has failed to make appropriate findings However, the parties argued before the court below, and here, as if the Board and referee had found that Appellee had failed to prove that his incapacitation was proximately caused by the July 25, 1977 incident. We, therefore, will so treat the issue.

The question of causal connection is, of course, basically a matter of medical opinion. Upon a review of the record, including the facts as to the accident of July 25, 1977, and the opinions of the various doctors by whom he was treated or examined, we conclude that a finding of "no causal connection" would be clearly erroneous. See *Joaquin v. Joaquin*, 5 Haw. App. 435, 698 P.2d 298 (1985). We, therefore, affirm the circuit court's order. Affirmed.

---

fact that both he and the Board were aware of *Kikuta* at the time they rendered their respective decisions, we are somewhat at a loss to understand why they chose to ignore the clear law laid down in *Kikuta* and *Lopez*. The circuit court recognized that it was bound by those decisions, and so should have the Board and the referee.

98

*George K. Lindsey, Jr.,* Deputy Attorney General, for appellee-appellant.

*Lowell K. Y. Chun-Hoon,* (*King, Nakamura & Chun-Hoon* of counsel) for appellant-appellee.