**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000740
27-JUN-2024
07:49 AM
Dkt. 52 SO**

NO. CAAP-20-0000740

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEBRA A. ROBERTSON, Appellant-Appellant, v.
THE BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM
OF THE STATE OF HAWAIʻI, Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC161002172)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

In this secondary appeal, Appellant-Appellant Debra A. Robertson (**Robertson**) appeals from the November 6, 2020 Final Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Robertson also challenges the Circuit Court's November 6, 2020 Decision and Order Affirming [Appellee-Appellee] the Board of Trustees of the Employees' Retirement System of the State of Hawaii's [(**ERS Board's**)] Final Decision [(**Final Decision**)] Dated November 2, 2016 (**Order Affirming ERS Board**).

Robertson's "points of error" are a combination of statements/arguments and points of error.[2] In her points of

---

[1] The Honorable James H. Ashford presided.

[2] Robertson is represented by experienced counsel, but nevertheless fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule
(continued...)

error, Robertson contends that: (1) the Final Decision is freely reviewable and wrong in conclusions of law (**COLs**) 2, 3, and 4; (2) pre-existing conditions are not relevant to Robertson's claim for service-connected disability retirement benefits; (3) Robertson had a service-connected accident; (4) the Final Decision was clearly erroneous; and (5) the Final Decision, which denied Robertson service-connected disability retirement, was arbitrary, capricious, or an abuse of discretion by the ERS Board.[3]

---

[2](...continued)
28(b)(4). We review the merits of Robertson's appeal to the extent discernible.

[3]    The challenged COLs in the Final Decision state:

2.    The Hearing Officer also wrongly concluded, on page 14 of the Recommended Decision, that "the February 2004 incident that caused or contributed to Petitioner's neck and back symptoms was an unlooked for mishap or untoward event which was not expected or designed and, as such, constituted an 'accident' pursuant to ([Hawaii Revised Statutes)] (**HRS**) § 88-79."

3.    An "accident" under section 88-79 of the Hawaii Revised Statutes ("HRS") and section 6-22-2 of the Hawaii Administrative Rules [(**HAR**)], requires an evaluation of whether an *event* that causes injury is not expected or designed. The Hearing Officer erred in this case by evaluating whether the *outcome* of the event (the claimed injury) was not expected or designed instead of evaluating whether the *event* that caused the claimed injury was not expected or designed. Absent some unexpected and unintended event, the occurrence of an injury as a result of an employee's performance of regular work activities does not make those activities an "accident" for disability retirement purposes. Adopting the standard stated in the Hearing Officer's conclusion would render the term "accident" meaningless as no employee expects or intends to be injured while at work or when performing activities at work. Adopting the standard stated in the Hearing Officer's conclusion would mean that an employee suffering a heart attack while simply sitting at work had an "accident" for disability retirement purposes. The Board believes that the Hearing Officer's conclusions in this case are not a proper construction or application of what constitutes an "accident" under HRS § 88-79 and HAR § 6-22-2.

4.    The February 2004 incident consisted of one morning of lifting and moving boxes for eventual transfer to
(continued...)

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Robertson's points of error as follows:

The central issue in this appeal is whether the ERS Board erred when it denied Robertson's application for service-connected disability retirement benefits pursuant to HRS §§ 88-79 (Supp. 2023) and 88-285 (2012).[4] HRS § 88-79 provides, in pertinent part:

> **§ 88-79 Service-connected disability retirement.** (a) Under rules the board of trustees may adopt, upon application of a member, or the person appointed by the family court as guardian of an incapacitated member, any member while employed in a position in which all contributions required to be made to the employees' retirement system by the employee or the employer, or both, have been made, who has been permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, or as the cumulative result of some occupational hazard, through no wilful negligence on the member's part, may be retired by the system for service-connected disability; provided that:
>
> . . . .
>
> (4) The medical board or other entity designated by the board of trustees certifies that the member is incapacitated for the further performance of

---

[3](...continued)
storage. This activity, which was part of Petitioner's job, had occurred annually for the previous six years. There is nothing in the record to indicate that this activity, which Petitioner asserts is the cause of her claimed injury, was an unexpected or unintended event or occurrence. Therefore, the Hearing Officer's conclusion that the February 2004 incident constituted an accident is not a proper construction or application of what constitutes an "accident" under HAR § 6-22-2 for the purposes of HRS §§ 88-285 and 88-79.

[4]     HRS § 88-285 provides:

**§ 88-285 Service-connected disability retirement.** A member who would be eligible to receive a service-connected disability retirement allowance pursuant to section 88-79 shall receive a maximum retirement allowance of thirty-five percent of the member's average final compensation.

duty at the time of application and that the
member's incapacity is likely to be permanent.

Robertson worked as an audit clerk for the State. As part of her job, prior to the incident at issue in this case, one day a year for the prior six years, she was required to lift and move boxes filled with invoices into the hallway for transfer to storage. On the morning of February 3, 2004, Robertson and others had been lifting and moving boxes for at least three hours. At lunch time, her neck "just fell over", and she experienced a lot of pain. Robertson saw a doctor the next day, and completed an accident report the day after that. Robertson had a prior history of back and cervical spine conditions and injuries. It appears that Robertson was unable to return to her position full-time subsequent to the February 2004 incident.

The ERS Medical Board (**Medical Board**) certified that Robertson was incapacitated and that her incapacitation was likely permanent, but found that her incapacity was not the result of an "accident" occurring in the actual performance of duties at some definite time and place or as a cumulative result of an occupational hazard. Robertson's application for service-connected disability retirement was denied. She petitioned for a contested case hearing.

After the contested case hearing, Hearings Officer Craig H. Uyehara (**Hearings Officer**) recommended that the ERS Board affirm the denial of Robertson's application. The Hearings Officer, however, noted that the Medical Board provided no support for the proposition that Robertson's injury was not the result of an accident because nothing unusual occurred in the

course of her lifting and moving boxes on the date of the February 2004 incident. The Hearings Officer concluded, *inter alia,* that "the February 2004 incident which caused or aggravated [Robertson's] preexisting injury constituted an unlooked for mishap which, from [Robertson's] perspective, was neither expected nor designed." The Hearings Officer similarly concluded that "the February 2004 incident that caused or contributed to [Robertson's] neck and back symptoms was an unlooked for mishap or untoward event which was not expected or designed and, as such, constituted an 'accident' pursuant to HRS § 88-79."

After further proceedings, the ERS Board issued the Final Decision, finding and concluding that Robertson did not carry her burden of proving she suffered an accident on February 3, 2004. The Final Decision, *inter alia*, concluded that the Hearings Officer erred in determining that the February 2004 incident constituted an accident. The ERS Board explained its reasoning as follows:

> The Hearing Officer erred in this case by evaluating whether the *outcome* of the event (the claimed injury) was not expected or designed instead of evaluating whether the *event* that caused the claimed injury was not expected or designed. Absent some unexpected and unintended event, the occurrence of an injury as a result of an employee's performance of regular work activities does not make those activities an "accident" for disability retirement purposes.
>
> . . . .
>
> There is nothing in the record to indicate that this activity [*the February 2004 incident, which the ERS Board described as one morning of lifting and moving boxes, as Robertson had done annually for six years as part of her job*], which [Robertson] asserts is the cause of her claimed injury, was an unexpected or unintended event or occurrence.

(Format altered).

"An accident is an unlooked for mishap or untoward event which is not expected or designed." Lopez v. Bd. of Trs., Emps.' Ret. Sys., 66 Haw. 127, 130, 657 P.2d 1040, 1043 (1983) (citation omitted); see also HAR § 6-22-2 ("'Accident' means an unlooked for mishap or untoward event which is not expected or designed, occurring while in the actual performance of duty at some definite time and place.").

As Robertson argues, the ERS Board erred in concluding that the February 2004 incident was not an accident. The ERS Board was wrong in concluding that an applicant for disability retirement benefits must demonstrate that an unexpected and unintended event caused the claimed injury and not an event such as an injury stemming from the performance of regular job duties. See, e.g., Pasco v. Bd. of Trs. Emps.' Ret. Sys., 142 Hawaiʻi 373, 381-82, 420 P.3d 304, 312-13 (2018) (Pasco's deteriorating condition and pain was not expected or designed; it was an accident); Myers v. Bd. of Trs. Emps.' Ret. Sys., 68 Haw. 94, 95-96, 704 P.2d 902, 903-04 (1985) (rejecting ERS Board's argument that unexpected result (severe back injury) from routine performance of duty (lifting a coffee pot) did not constitute an accident); Kikuta v. Bd. of Trs. Emps.' Ret. Sys., 66 Haw. 111, 114-17, 657 P.2d 1030, 1033-34 (1983) (from the point of view of the employee, stabbing assault by brother-in-law was unexpected notwithstanding warning from sister months earlier; it was an accident).

The ERS Board essentially ignored the case law (and cited no authority for its position) when it concluded that the

February 2004 incident was not an accident because the <u>event</u> –
*i.e.*, the annual lifting and moving of boxes as part of her job –
was not unexpected.  We conclude the ERS Board erred in denying
Robertson service-connected disability retirement benefits on
this basis.

However, as the ERS Board (erroneously) concluded that
the February 2004 incident was not an accident, it did not
address the issue of whether Robertson was permanently
incapacitated for duty as "the natural and proximate result" of
the accident.  <u>See</u> HRS § 88-79(a).  The Hearings Officer found to
the contrary, notwithstanding medical evidence presented by
Robertson, apparently based on Robertson's history of neck and
upper back pain, including a diagnosis of degenerative disc
disease.  Robertson has argued at all levels of these proceedings
that the injuries she sustained in the February 2004 accident
caused her to be permanently incapacitated and that she is
entitled to be retired for service-connected disability as a
result.[5]  Nevertheless, as the ERS Board did not reach the issue,
we necessarily remand to allow the ERS Board to consider it in
the first instance.

For these reasons, we vacate the Circuit Court's
November 6, 2020 Judgment and November 6, 2020 Order Affirming
ERS Board, and we remand to the Circuit Court with directions to
vacate the ERS Board's November 2, 2016 Final Decision and remand

---

[5]     On this appeal, the ERS Board submits that Robertson "culpably
contributed" to her injuries, presumably suggesting the court should infer
that there was "wilful negligence" on Robertson's part in lifting and moving
boxes in light of her medical history.  However, there were no such findings
by the Hearings Officer or the ERS Board.  Therefore, such argument is without
merit.

this case to the ERS Board for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, June 27, 2024.

On the briefs:

Michael Jay Green,
Glenn H. Uesugi,
for Appellant-Appellant.

Patricia Ohara,
Diane W. Wong,
Elmira K.L. Tsang,
Deputy Attorneys General,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge